**David R. Boyajian,** OSB #112582
Email: dboyajian@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff Langlois Enterprises, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LANGLOIS ENTERPRISES LTD.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **M/V GLORY, IMO No. 9288473, her engines, tackle, appurtenances, etc.,** *in rem*, **and PRIMERA SHIPPING INCORPORATED, as Owners of the M/V GLORY**, <br><br> Defendants | No. 3:24-cv-00921 <br><br> MOTION FOR ORDER DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT |

COMES NOW Plaintiff, Langlois Enterprises Ltd. ("Plaintiff"), and respectfully moves this Court, in accordance with Supplemental Admiralty Rules B of the Federal Rules of Civil Procedure, for a review by the Court of the Verified Complaint, and to issue an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment.

Page 1 -   MOTION FOR ORDER DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

142812\285839\COL\45794696.1

On or about June 10, 2024, Plaintiff filed its Verified Complaint (hereinafter "Complaint") pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules B, setting forth Plaintiff's claim for damages, together with interest, costs and attorney fees.

### A. Rule B Process of Maritime Attachment and Garnishment

The Rule B maritime attachment action was commenced in order to obtain security in aid of Plaintiff's underlying action against Defendant Primera Shipping Incorporated ("Defendant") in arbitration in London.[1] *See* Compl. ¶¶ 7-15. The purpose of maritime attachment is both to obtain jurisdiction over the respondents *in personam* through their property, and to assure satisfaction of any judgment. *J. Lauritzen A/S v. Dashwood Shipping*, 65 F.3d 139, 141 (9th Cir. 1995) (citing *Polar Shipping Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627, 636-37 (9th Cir. 1982)). "Under Rule B . . . plaintiff may attach a defendant's property if four conditions are met: (1) Plaintiff has a valid prima facie admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment" *Equatorial Marine Fuel Management Services Pte Ltd. v. MISC Berhad*, 591 F.3d 1208, 1210 (9th Cir. 2010) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd*., 460 F.3d 434, 445 (2d Cir. 2006)); Fed. R. Civ. P. Supp. R. B.

    1. <u>Plaintiff has Pled a Valid Prima Facie Admiralty Claim</u>

In the instant matter, Plaintiff submits that the requirements of Admiralty Rule B have

---

[1] Although the *in personam* dispute will be pursued in arbitration in London, attachment of property within this district pursuant to Rule B is nonetheless appropriate. *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 633 (1982) ("We hold that in an admiralty action, absent express intent to the contrary, a forum selection clause providing that all disputes under the charter will be determined by a selected foreign court neither precludes a plaintiff from commencing an action in the district court to obtain security by maritime attachment, nor prohibits the district court from ensuring the availability of security adequate to satisfy a favorable judgment by the selected forum.").

Page 2 -    MOTION FOR ORDER DIRECTING ISSUANCE OF
            WRIT OF MARITIME ATTACHMENT AND
            GARNISHMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

142812\285839\COL\45794696.1

been met, and respectfully asks the Court for an Order issuing a writ of maritime attachment for Defendant's property presently located within this judicial district, the vessel, MV GLORY, as well as any tangible or intangible property belonging to Defendant in the possession of steamship agents acting as agent in respect to vessels operated by Defendant. As set forth in Plaintiff's Verified Complaint, Plaintiff has a *prima facie* admiralty claim against the Defendant as the gravamen of Plaintiff's claim is for the breach of a maritime contract. *See* Compl. ¶¶ 7-15.

### 2. Defendant Cannot Be "Found" In the District for the Purposes of Rule B

Regarding the second element, Defendant cannot be found within the District of Oregon for the purposes of Rule B. Specifically, Plaintiff is informed and believes: that Defendant cannot be found within the District of Oregon; that to Plaintiff's knowledge, none of the officers of Defendant are now within the District of Oregon; that Defendant does not maintain offices or telephone listings in the District of Oregon; that Defendant is not incorporated or registered to do business in the District of Oregon; and, that Defendant does not have registered agents for the receipt of service of process in the State of Oregon. *See* Compl. at Ex. 2.

### 3. Defendant has Property Within the District

Regarding the third element, Plaintiff is informed and believes Defendant does now, or will during the pendency of this action, have tangible and intangible personal property within the District of Oregon, and said tangible and intangible property is amenable to attachment and garnishment pursuant to Admiralty Rule B. This property is comprised of the MV GLORY, as well as any tangible or intangible property belonging to Defendant in the possession of steamship agents acting as agent in respect to vessels operated by Defendant, which are subject to attachment as security for Plaintiff's maritime claims. *See* Compl. ¶¶7-15.

### 4. No Statutory or Maritime Law Bar Present

Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

Page 3 -   MOTION FOR ORDER DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

142812\285839\COL\45794696.1

WHEREFORE, as all of the required elements have been met, Plaintiff moves this Court to enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the United States Marshal for the District of Oregon to seize the MV GLORY, and to garnish any tangible or intangible personal property in the possession, custody or control of the Master of the MV GLORY belonging to Defendant, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Dated this 10th day of June, 2024.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ David R. Boyajian*
David R. Boyajian, OSB #112582
dboyajian@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900
Attorneys for Plaintiff Langlois Enterprises, Ltd

Page 4 -  MOTION FOR ORDER DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

142812\285839\COL\45794696.1